■ Patrick J. Beglane, Respondent, v. Carlson Hoisting & Machinery Co., Inc., Appellant, et al., Defendant. Carlson Hoisting & Machinery Co., Inc., Third-Party Plaintiff-Appellant, v. James King & Son, Inc., Third-Party Defendant-Respondent.— Action by an employee of James King & Son,

Inc., the general contractor engaged in adding stories to an existing building, against Carlson Hoisting & Machinery Co., Inc., the owner of a hoist which it installed on the premises, and New York Telephone Company, the owner of the building. The employee was injured when the hoist car fell from the third floor level to the ground. It is claimed that Carlson was negligent in that it knowingly furnished a defective pawl and ratchet wheel containing chipped teeth. The Telephone Company served a cross complaint for judgment over against Carlson alleging active negligence on Carlson's part. Carlson served a third-party complaint on King alleging that King was actively negligent and had agreed to indemnify Carlson. The parties stipulated to leave to the court, for disposition, the issues raised by the cross cmplaint and the third-party complaint. The court dismissed the complaint as against the Telephone Company, and also dismissed its cross complaint. The jury rendered a verdict for $65,000 in favor of the employee against Carlson, and the court granted Carlson's motion to set aside the verdict as excessive unless the employee stipulated to reduce the verdict to $50,000, which he did. The court dismissed the third-party complaint. Carlson appeals from so much of the judgment entered thereon as is against it and in favor of the employee and his employer. Judgment modified on the law by striking therefrom the first decretal paragraph and by substituting therefor a provision that the complaint be dismissed as against appellant. As so modified, judgment, insofar as appealed from, unanimously affirmed, with costs to appellant, payable by respondent Beglane. If the complaint were not being dismissed, a new trial would be granted on the ground that the verdict was against the weight of the credible evidence. The hoist worked perfectly, and with the same equipment, at all times between May, 1952 and January, 1953, other than as of the happening of this accident on August 13, 1952. The operator of the hoist, respondent's coemployee, who had inserted the pawl in the ratchet tooth from a distance of one to two feet away, testified that the pawl was down in the ratchet on this occasion and that there was no question but that the pawl was in, with a weight of over 1,500 pounds holding the pawl against the engaged tooth. The hoist car, with the pawl so engaged in the ratchet, had remained level with the third floor for 20 minutes prior to the accident, during the latter part of which time the operator left his bench to pick up a roll and to safeguard a container of coffee which was on the flat top housing of the engine, to the rear of the clutch that controlled the cable drum. At most, a finding of negligence on the part of appellant is founded only on speculation. In addition, there is no proof that the equipment was defective at the time of delivery, nor is there proof that appellant knew or should have known of such defect. Respondent's employer, King, had exclusive control and maintenance of the hoist. All of the credible evidence is to the effect that the pawl, and the tooth of the ratchet wheel which was used in the operation, were in good operable condition. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ.